LODGED

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

2018 APR 13 PM 1:29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

United States District Court

Central District of California (Eastern Division)

ED CV18-00993 JGB (KKx)

Case No.: 18-MJ-0092

In Re Seizure of Personal Electronic Property of Paul Hupp, Paul Hupp Real Party in Interest,

    Movant,

United States of America,

    Respondent.

**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF MOVANT PAUL HUPP FOR RETURN OF PERSONAL ELECTRONIC PROPERTY SEIZED <u>MARCH 29, 2018</u>, UNDER FED. R. CR. PROC. 41(g) AND LOCAL RULE 7-19; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAUL HUPP; PROPOSED ORDER**

Date: April 17, 2018
Time: 8:30 AM
Dept.: Courtroom 3, 4
Hon.: Kenly Kiya Kato

# I
## Introduction

Movant Paul Hupp ("HUPP"), *In Propria Persona*, files this Notice of *Ex Parte* Application and *Ex Parte* Application for return of all electronic equipment unlawfully seized by Respondent Unites States of America ("USA") on <u>March 29, 2018</u>, no later than 2:00 PM, Tuesday, <u>April 17, 2018</u>, pursuant to Fed. R. CR. Proc. 41(g) AND Local Rule ("LR") 7-19. *Alternatively*, HUPP seeks return of said property within a reasonable time under the totality of

the circumstances. Said hearing shall take place at 8:30 AM April 17, 2018, at the United States District Court, Eastern Division, 3470 Twelfth Street, Riverside, CA 92501.

## II
## Memorandum of Points and Authorities: Argument

### 1) Background Facts

On or around March 21, 2018, Magistrate Judge Kenly Kiya Kato ("KATO") signed a "Search and Seizure Warrant"[1] ("WARRANT") directed at HUPP. The WARRANT was executed at or around 8:30 AM March 29, 2018. HUPP was given a copy of WARRANT at time of execution. Attached to WARRANT as "Attachment B" was a statement of items to be seized under three different headings, 1, 2 and 3. Heading 1 was seeking information relating to "Judge Bernard G. Skomal"[2] ("SKOMAL"), or "other" judges, alleging a violating of Title 18 of the United States Code, section 1503(a) ("1503"). The WARRANT served contained no supporting declaration of probable cause ("PC"). PC is required for any WARRANT seeking seizure under the Fourth Amendment. Heading 1 also sought information relating to the: 1) residence location; 2) personal identifying information, contact information, drafts of correspondence or other communications to said "Judges". Heading 2 sought the same, but added in: 1) written documents; 2) notes; and 3) other evidence concerning personal identifying information, contact information, drafts of correspondence or other communications. Heading 3 sought formation relating to HUPP: 1) obtaining false identification; 2) false birth certificates; 3) false driers license; 4) false immigration cards; and 5) other forms of identification HUPP would use which were not his own. The WARRANT was filed "UNDER SEAL" and did not have the signature of any USA agent or lawyer. Typed into the lower left hand corner of the face page was" "AUSA:

---

[1] Form AO93, revised 12/09.
[2] SKOMAL is not an Article III United States "Judge", but an appointed "Magistrate Judge".

Abigail W. Evans" ("EVANS"). EVANS name was no where else in WARRANT. Numerous electronic items were seized.

HUPP had a pending Habeas Corpus Petition ("HC") before SKOMAL from <u>March 31, 2016</u>, up until <u>February 21, 2018</u>, when SKOMAL recused himself and Magistrate Judge Jill L. Burkhardt ("BURKHARDT") was assigned the case. Inexplicably the first Order/Ruling from BURKHARDT was in fact a review of the issues HUPP wanted to address in his "Status Conference" with SKOMAL. <u>BURKHARDT addressed HUPP'S issues within hours of receiving the case assignment, something SKOMAL had not addressed in the previous eight (8) months.</u> HUPP had sought on four (4) prior occasions a "Status Update" or "Status Conference" with SKOMAL on the HC. SKOMAL never responded to any. During the month of <u>February, 2018</u>, HUPP had made multiple telephone calls to SKOMAL'S chambers to place a "Status Conference" on SKOMAL'S calendar. Each and every time HUPP left detailed messages; including the date and time of his "Status Conference", and instructed SKOMAL to call him back and confirm the "Status Conference". Neither SKOMAL, nor anyone else, returned the calls to confirm the "Status Conference". HUPP cannot place any agenda on SKOMALS calendar, only SKOMAL place agenda items on his own calendar. HUPP had no way to confirm his "Status Conference" was on calendar. HUPP had no way to confirm if his telephone messages seeking a "Status Conference" were actually being recorded or heard by anyone. HUPP had no way to confirm if his telephone messages were actually being recorded, *and* heard, if they were being relayed to SKOMAL. HUPP'S HC was set to expire and become moot, which was why HUPP had sought the "Status Conference". After numerous attempts to have the HC "Status Conference" placed on SKOMAL'S calendar with no confirmation HUPP mailed the moving papers to the civil clerk. In addition to sending a copy to the clerk and opposing party

HUPP copied SKOMAL at his residence o ensure he had received a copy and was aware of HUPP'S "Status Conference", and that if he had not calendared the "Status Conference" at the noticed place and time, HUPP would be available to have the "Status Conference" with SKOMAL at his residence; as it was unclear if SKOMAL was aware that HUPP was even seeking a "Status Conference". This could clear up any communication problems SKOMAL seemed to be encountering with his phone lines, his clerk or any other communication problems relating to HUPP'S "Status Conference". The travel distance from HUPP to the courthouse was substantial, more than 225 miles round trip; a substantial hardship for HUPP.

Notice to SKOMAL was in the Proof of Service HUPP provided with the moving papers; signed under penalty of perjury by HUPP. The entire purpose of HUPP'S "Status Conference" was to make sure the HC did not expire and become moot. It did not matter to HUPP where the "Status Conference" was held, as long as it was held and HUPP was informed of the HC status. It did not matter to HUPP how SKOMAL ruled, as long as he made a ruling, any ruling; and/or addressed the issues HUPP stated as HUPP had on four (4) prior occasions notified SKOMAL (in written papers filed with the Court) of his concerns with the deadline going back to July 2017, with no reply from SKOMAL whatsoever.

The WARRANT obviously relates to SKOMAL. Every communication HUPP has had with SKOMAL, and all other judges in the Southern District, are on file with the clerk in the Southern District. HUPP is involved with multiple pending civil and criminal cases. These include cases at both the California District Court of Appeal ("DCA") and the United States Court of Appeals for the Ninth Circuit ("9th"). HUPP has all of his court papers on his personal

computer which was seized under WARRANT. This includes a partially drafted brief[3] due at the DCA on or before April 24, 2018. HUPP has no backup of any of these papers.

No charges are publicly pending. Free speech and seeking meaningful access to the Courts are constitutionally protected rights. Rights that shall not be infringed upon by SKOMAL, the Department of Justice or anyone else.

2) **Civil Procedure under Equity or Criminal Procedure under 41(g)**

This case has not been assigned either a criminal or civil case number. After non-exhaustive and truncated research of the issue it appears that when a search warrant has been issued and property has been seized but no criminal charges are pending that the Fed. R. Civ. P. are applied. There are no pending criminal charges. Under 41(g), charges must be pending to exercise jurisdiction: under post-indictment- pre-conviction status courts should consider four factors: "(1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievances." *See* Chaim v. U.S., 692 F. Supp.2d 461, 469 (D.N.J. 2010) (citing case law from seven (7) different federal circuits). 41(g) provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A motion for return of property pursuant to Rule 41(g) may be granted if: (a) the defendant is entitled to lawful possession of the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and (d) the government no longer needs the property as evidence. *See* United States v. Fitzen, 80 F.3d 387, 388 (9thCir. 1996). If a

---

[3] Appellants "Closing Brief"; DCA Case No.: E069167.

motion for return of property is made while a criminal proceeding is pending, the burden is on the movant to show that he is entitled to the property. *See* U.S. v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9thCir.1991). Here, no criminal proceeding is pending nor has government instituted any criminal proceedings related to the seized property. Where no criminal proceeding is pending the Court must deem the motion as a civil complaint, to which the Fe. R. Civ. P. apply. The Ninth Circuit has held that:

> "[i]f a Rule [41(g)] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief." *See* United States v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003).

In Ritchie, a claimant filed a 41(g) motion, and the government filed an opposition to the 41(g) motion. The Court held that where there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure. In United States v. Ibrahim, 522 F.3d 1003, 1008 (9thCir. 2008), the Ninth Circuit held that the district court correctly treated the movant's 41(g) motion as a regular civil complaint. *Id.* at 1007-08. Citing Richie, the Court stated that 41(g) "provides little guidance as to what procedure the courts are required to follow," but once a motion is treated as a civil complaint, the Federal Rules of Civil Procedure "apply to each stage of the proceedings, the same way they would in the civil context." *Id.* at 1008. Neither Ritchie nor Ibrahim stated that summons and service are required. Neither Ibrahim nor Ritchie specifically held that that service of process under Rule 4 is required to invoke the Court's jurisdiction. Similarly, Kardoh v. United States, 572 U.S. 697 (9thCir. 2009) said that a 41(g) motion should be treated as a civil complaint when no criminal proceeding is pending. But it, likewise, did not state Rule 4 applies. As time is of the essence this Court should dispense with formal summons, and to the extent possible shorten all time periods allowed for normal motions, 28 days. As with

a 41(g) motion a civil motion uses the same rules invoking the Court's inherent powers of equitable relief.

3) **Application of 41(g) and Equitable Relief**

**Government has/is denying, and chilling, constitutionally protected rights.** HUPP constitutionally protected rights of free speech and meaningful access to the courts under the First Amendment. HUPP does not <u>request</u> those constitutionally protected rights, he <u>demands</u> them. If SKOMAL or USA try deny or chill those rights they are going to get response from HUPP. HUPP is not going to bend over and get railroaded by a dirty judge or slime ball government agency like the Department of Justice.

**Standing.** HUPP, as sole owner of all seized property, has standing to bring this action. And in fact HUPP is the only one who has standing to bring this action.

**Entitled to lawful possession of seize property.** HUPP'S property is not contraband, nor is it unlawful in any respect. To the extent USA alleges that incriminating evidence is within the seized property, it is complete, and totally fabricated, bullshit. There is nothing within the seized property that support/s any criminal charges in any manner whatsoever. Every word that HUPP has typed, mentioned or referred to SKOMAL (or ay other judge in the Southern District) has been filed in the Southern District and is a public record. Everything except HUPP'S motion for his "Status Conference" which has miraculously vanished into thin air, even though SKOMAL has in his own words <u>admitted</u> he received a copy of the "Status Conference" motion. The search and seizure is nothing more than pretext for harassment of HUPP for his exercising constitutionally protected rights of free speech and seeking meaningful access to the Courts.

**Hupp is suffering irreparable injury**. HUPP is litigating multiple court cases, state and federal, all of which are on his computer hard drive. HUPP has not copies. All the court cases

have deadlines. One appellate case where substantial portions of a closing brief have been drafted has a deadline of <u>April 24, 2018</u>. Numerous other cases have similar deadlines. HUPP has no computer, and cannot draft any court documents at all[4]. Similarly USA has seized HUPP'S telephone denying him the ability to even communicate in a reasonable and timely fashion.

**No other legal remedy available to HUPP**. Because the seized property is not available to HUPP in any other fashion, there is in fact no other remedy except return of the seized property forthwith. This does not leave USA without options. USA can "mirror", or "mirror image" all of the electronically seized property for review and use at a future date. This would allow HUPP to get his seized property back and no jeopardize or interfere with <u>legitimate</u> USA "crime fighting". This Court could fashion an Order requiring USA to expedite any "image" of HUPP'S seized property, and at the same tie make sure the Court, and USA, are not denying, or chilling, HUPP'S constitutionally protected rights under the First Amendment.

4) **HUPP open to other reasonable, but timely, remedies**

HUPP is open to any other reasonable remedy to have his property returned, as long as it is timely. The key items of seized property at this point are HUPP'S computer and telephone. Other seized property, while needed, are not time sensitive.

### III
### Conclusion

For the reasons stated *supra* HUPP requests this Court GRANT his *Ex Parte* Application and ORDER USA to return all of his unlawfully seized personal property no later than 2:00 PM,

---

[4] Drafting this motion was considerable hardship, as it was drafted on someone else's computer at substantial hardship to HUPP.

Thursday, <u>April 19, 2018</u>. *Alternatively*, HUPP seeks return of said seized personal property within a reasonable time frame under the totality of the circumstances.

## IV
## Declaration

I, Paul Hupp, declare the following:

1. I have personal knowledge of all statements stated herein, except for those made on information and belief, and for those I believe them to be true;

2. If called to testify before a court of competent jurisdiction I would and could testify to all such statements.

3. The seized property, all of it, is my personal property and mine alone.

4. I have substantial computer files containing research, memorandum and partially completed legal documents that are time sensitive. I have no copies, as such thee is no other remedy except for the return, at a minimum, of my computer.

5. The seized property has nothing that is not already known, or part of a public record, and failure to return the seized property has already, is now, an will continue to cause irreparable harm.

6. USA is not harmed in any manner by expediting the return of the seized property as they can "mirror", or "mirror image", all the digital devices.

7. Under the totality of these circumstances, the laws of equity, and the over reaching harassment of USA seizing property or acts that are constitutionally protected under the First Amendment, the burden of proof of this action has now shifted to USA.

Paul Hupp
18-MJ-0092

8. I have made no contact with USA regarding this application, but served a copy at their branch office location of record in Riverside: 7425 Mission Boulevard, Riverside, CA 92509.

I declare under penalty of perjury the forgoing is true and correct.

Executed Friday, April 13, 2018, at Beaumont CA.

Respectfully Submitted.

Dated this 13th day of April, 2018

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 76-1268
Paulhupp@Gmail.com
*In Propria Persona*

DRE v Paul Hupp
Case No.: H-04926- SD

## DECLARATION OF SERVICE

I, Paul Hupp, declare the following;

1. I am over 18 years of age,
2. I am not a party to this action,
3. My mailing address is 965 Hidden Oaks Drive, Beaumont CA 92223
4. I served a true and correct copy of THE FOLLOWING;

Respondent Paul Hupp's

**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF MOVANT PAUL HUPP FOR RETURN OF PERSONAL ELECTRONIC PROPERTY SEIZED MARCH 29, 2018, UNDER FED. R. CR. PROC. 41(g) AND LOCAL RULE 7-19; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAUL HUPP; PROPOSED ORDER**

ADDRESSED TO;

United States District Court, Eastern Division
3470 Twelfth Street
Riverside, CA 92501

Department of Justice/The United States Attorney's Office
Central District of California/Riverside Branch Office
Suite 200
3403 Tenth Street
Riverside, California 92501

**BY PERSONAL SERVICE**: Department of Justice 3403 Tenth Street
Riverside, California 92501

By placing said document in a sealed envelope into the United States Postal Service at Beaumont, CA with the postage fully prepaid on;

April 13, 2018
EXECUTED ON:

April 13, 2018, at Beaumont, CA

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.

Declarant- Paul Hupp _____